OPINION OF THE COURT
Norman C. Ryp, J.
A. ISSUE
Can an active New York City realty receiver manage to lateral the negligence ball to a missing owner to avoid a jury’s liability touchdown? In or out of bounds for this unprecedented pass strategy?
The court must determine for the first time whether the City of New York, sued with its owner, as a receiver of real property is exempt from any personal injury liability by statute (General Obligations Law § 9-101) or Administrative Code of the City of New York § 27-2148 or common law to a tenant’s infant during it’s receivership.
B. PROCEDURAL HISTORY AND FACTS
This is a negligence jury action, to recover $2,000,000 for personal injuries (brain concussion and posttraumatic syndrome) sustained by Andrea Johnson, a IV2 year old, infant daughter of Andre and Helen Johnson, tenants and natural guardians (plaintiffs herein) upon collapse of their living room ceiling in apartment No. 9, premises No. 521 West 180th Street, New York, New York (subject property). At the trial, the jury duly found both defendants negligent in ownership, maintenance and control after notice of the dangerous condition in subject property and rendered a unanimous (6-0) verdict in the total sum of $100,000. The jury under CPLR 1411 also apportioned the negligence: 65% to defendant, the City of New York, receiver, by its Commissioner of Housing Preservation and Managing Agent (then Hon. Daniel W. Joy— now Supreme Court Justice) (NYC); and 35% to defendant, Ralph S. Diggs, the owner, who did not appear at the trial herein. On September 7, 1990, judgment in the sum of $100,000 *176 thereunder was entered against both defendants, jointly and severally. No notice of appeal has been filed herein.
Plaintiff previously moved, pursuant to CPLR 5230, for an order directing execution upon any funds on deposit in the name of defendant, the City of New York. That motion was denied, without prejudice, to renew upon proper papers (i.e., evidence of past and current status of the ownership, receivership and management of subject building premises from May 2, 1980 to September 7, 1990 and thereafter, to date) by orders of this court dated May 28, 1991, April 6, 1992 and May 22, 1992. Subsequently, plaintiff renewed his above CPLR 5230 motion.
c. parties’ contentions
In support, plaintiff contends that defendant has failed to pay or satisfy, in whole or part, the above $100,000 judgment and has not filed a notice of appeal thereunder. Plaintiff further contends that defendant, City of New York, is personally liable since it is self-insured and due to its failure to obtain liability insurance over or account for liquidation or transfer of subject premises in receivership by notice to plaintiff who could proceed against the carrier under Insurance Law § 167 (7) (now Insurance Law § 3420 [b]) (citing Copeland v Salomon, 56 NY2d 222, 234 [1982]). Plaintiffs finally noted the inapplicability of CPLR 1601 (limited liability of persons jointly liable) as this action was commenced prior to its July 30,1986 effective date.
In opposition, defendant, the City of New York, argues that as receiver of subject premises (pursuant to its notice of appointment, dated October 26, 1979) it is only liable to the extent of funds or assets available from the receivership or out of the subject property held by the receiver (also citing Copeland v Salomon, 56 NY2d, supra, at 230-231; see also, Administrative Code § 27-2148 [d]) and noted there were only $13,480.36 in emergency repair expenses plus unpaid real estate taxes, with liability justly upon the owner and codefendant, Ralph S. Diggs.
Plaintiff’s CPLR 5230 motion for enforcement is granted on legal, equitable and logical grounds.
D. APPLICABLE LAW AND FINDINGS
NYC’s position herein is invalid and outdated. The Court of Appeals has noted that, prior to September 1, 1946, at com *177 mon law a receiver in foreclosure (equivalent to NYC herein— see, notice of appointment, dated October 26, 1976; Administrative Code § 27-2148 [former § D26-57.ll]), not guilty of affirmative negligence and permitted but not required to keep the property in repair was not liable, neither officially nor personally. Since this allowed property to fall into disrepair and avoid liability, this resulted in an injustice to tenants. Following various reports of the New York Law Revision Commission (1936 NY Legis Doc No. 65, at 629; 1946 NY Legis Doc No. 65, at 25) which proposed a requirement of liability insurance, this resulted in the 1946 enactment of General Obligations Law § 9-101 for such receivers to be "liable, in his [or her] official capacity, for injury to person or property sustained by reason of conditions on the premises, in a case where the owner would have been liable. Nothing herein contained shall be construed to enlarge the liability of the receiver in his [or her] personal capacity.” (L 1963, ch 576, § 1, eff Sept. 27, 1964; see, Copeland v Salomon, 56 NY2d, supra, at 230-231.)
This was further codified municipally in 1971 in Administrative Code § 27-2148 (c), with the last clause reading, "such receiver shall not have any liability in his or her personal capacity” (emphasis added). (Local Laws, 1971, No. 10 of City of New York § 12, eff Jan. 22, 1971, renum by Local Laws, 1974, No. 48 of City of New York § 7, eff Dec. 17, 1974; L 1976, ch 706, eff July 24, 1976.) It is this latter underlined provision that NYC wishes to use to totally exempt itself from liability. This reliance and translation of "his or her personal capacity,” from the personally named receiver (i.e., Hon. Daniel W. Joy) to the municipal corporation (i.e., NYC) is misplaced, legally, logically as well as grammatically. Clearly NYC is not a "his or her” but an "its” with the obvious intent to protect a NYC official named because of his or her job title from personal liability as distinct from NYC, which the court takes judicial notice, is self-insured. The fact that Hon. Daniel W. Joy was not, inadvertently, named in the caption, as receiver, is not jurisdictional. (See, Copeland v Salomon, 56 NY2d, supra, at 225-226.)
In addition, NYC omits reference to the fact that the jury unanimously found (amply supported by the trial testimony not only of plaintiff but its own active real property manager, Benjamin Z. Oberstein, of subject premises since February 1979, 15 months prior to subject incident date of May 2, 1980) NYC to be affirmatively negligent (65%) in its ownership, *178 affirmative operation and control of subject property and with due notice of the dangerous condition (hole in the living room ceiling) 2 feet from the high-riser wherein slept a 22-month-old child of the gorgeous mosaic, who sustained permanent brain damage. Thus NYC would have been liable, even at common law. (See, Copeland v Salomon, 56 NY2d, supra, at 230.) To totally deflect liability to an absent, if living, owner is invalid, unfair and unjust, even if CPLR 1601 were, but is not, applicable herein. This is especially so, since NYC has failed to present any evidence whatsoever of notice to plaintiff or rebut plaintiffs claim that, during March 1986, it relinquished its in rem title, apparently acquired on July 31, 1985, on subject property, later sold on December 1, 1986 for $240,000, all cash. (See, Letter Report of Howard M. Guttman, SRPA, dated June 9, 1992.)
E. CONCLUSION
Accordingly, for the foregoing reasons, plaintiffs’ CPLR 5230 motion to enforce their $100,000 judgment, plus interest from September 7, 1990, together with costs and disbursements of this action against defendant, NYC, is granted.